UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Carla Gomes, *on behalf herself and others similarly situated*, | ) | Case No: |
| | ) | |
| | ) | CLASS ACTION COMPLAINT |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| Real Agent Pro, LLC d/b/a Advantage U, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Nature of this Action**

1.      Carla Gomes ("Plaintiff") brings this class action against Real Agent Pro, LLC d/b/a Advantage U ("Defendant"), under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.      Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

*      *      *

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3.      Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent.

**Jurisdiction and Venue**

4.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this action occurred in this district.

**Parties**

6.     Plaintiff is a natural person who at all relevant times resided in Canton, Massachusetts.

7.     Defendant is a corporation located in Rochester New York.

8.     Defendant refers to itself as an "all-in-one real estate sales and marketing solution."[1]

9.     Defendant offers services that include "cold calling prospective home sellers."[2]

10.     Defendant employs "over 60 ISAs"[3] working leads for "almost a thousand agents across the country."[4]

---

[1]     https://realagentpro.com/ (last visited September 6, 2018).

[2]     https://www.facebook.com/therealagentpro/videos/1861425240586483/ (video) (last visited September 6, 2018).

[3]     ISAs, or inside sales agents—"traditionally referred to as telemarketers"—are "generally responsible for prospecting for new leads, servicing inbound leads from sign calls and other internet sources, and converting these leads to appointments for a team's sales agents." https://therealestatetrainer.com/2014/12/10/inside-sales-agents-isas-real-estate-teams/ (last visited September 6, 2018).

[4]     *Id.*

11.     Defendant explains that it specifically targets, among others, "expired," "for-sale-buy-owner," "just listed," and "just sold" leads."[5]

12.     Defendant touts its "state of the art dialing technology."[6]

13.     Defendant posts an "agent review" of its services that reads: "My telemarketing team are awesome."[7]

14.     Defendant states that it has contacted "2 million seller leads."[8]

15.     Defendant highlights its ability to "[s]end thousands of [recorded custom] messages straight to voicemail in just minutes."[9]

16.     Defendant emphasizes its "automated follow-up" in connection with "lead nurturing campaigns" that include "text messages."[10]

17.     Yelp.com reviews of Defendant read:

- "CONSTANT calls, round the clock, from all different numbers so you can't block them."

- "Got a direct-to-voicemail spam call from them. When I called back, the person who took my call was unprofessional from the get-go, then became extremely rude, abusive, and sometimes just plain nuts when it was clear that I knew my stuff, and wasn't going to be conned."[11]

---

[5]      https://realagentpro.com/#services (last visited September 6, 2018).

[6]      https://www.facebook.com/therealagentpro/videos/1861425240586483/ (last visited September 6, 2018), and its "automated technology [and] processes[.]" https://www.facebook.com/therealagentpro/ (last visited September 6, 2018).

[7]      https://realagentpro.com/reviews/ (last visited September 6, 2018).

[8]      *Id.*

[9]      *Id.*

[10]     *Id.*

[11]     https://www.yelp.com/biz/advantageu-the-home-sellers-resource-rochester (last visited September 6, 2018).

18.     Better Business Bureau complaints against Defendant read:

- "I have asked this company, over the phone, to stop calling me several times. I am now filing an official complaint against them. I've spoken to Zach and Mike who claim to be managers at their call center and they have both reassured me that I will be removed from their call list but this has not happened, clearly. Continuing to call me will result in continued complaints against your business up to and including legal action."

- "I am on the national do not call list and this company calls me on a regular basis. They will not provide any information about the company other than the name. They will not remove me from the call list. The telemarketers are rude and pushy."

- "constant call regarding home sold almost a year ago—I've requested every call to be removed from calling list and nothing ever done—still calls come every couple of weeks."

- "This company obtained our contact information and records about our home being put on the market 3 years ago. They called asking questions about our home and if we plan on selling. I asked how they got our info and they said they searched records. The home being on the market can be searched by realtors but my phone number should not be obtained. I asked how they got my number and was told it was not her department that handles that question. Had my husband call back and he got the same run around. It is disgusting that a company can get me private cell phone number and solicit to me."

- These people are CONSTANTLY HARASSING ME for sales and WILL NOT STOP.... They call me multiple times a week with these stupid call/hang up methods and when I call back I can never get through to anyone to talk to. I am on the phone right now and have been waiting for OVER HALF AN HOUR being 'next in line' and cant get through. I swear, if this isnt illegal it should be...."

- "This company calls every day. I have asked numerous times to be removed from the call list and get told 'Sorry we don't do that'."

- "This business somehow purchased my contact information for a property I have not owned in over 2 years. They call me DAILY, on my personal mobile phone, and each day I let them know I do not own the property, and ask to be removed from their list. I have started to demand they remove me from their list, and I ask the business name with each call. They continue to call, and have not yet removed me from their list."

- "This company continues to call me and state that they have an active web listing of a house that I put on the market 2 years ago... when I ask them to provide me with the URL they give excuse after excuse of why they cannot. I filed a formal complaint with BBB previously in Feb of this year... to which the company agreed to stop calling me and put me on their 'National Do Not Call' list. However, 7 months later and they've called me

every day for 2 weeks... Leaving the same message... or no message at all if I pick up. The line just goes dead. This company is a hoax and provides no service whatsoever. They are also in violation of the Do Not Call registry which I have my mobile # registered with. I'll be filing a complaint with that agency as well. DO NOT EVER CALL ME AGAIN!"

- "The company continues to call my private cell phone from the phone number ###-###-#### using a robotic system. If i answer the call there is no one there. If you call back then someone answers the phone after 1 -2 minutes. His name is Dave. They are asking about a home I sold over 2 years ago. My phone is on the Do Not Call List. The worst part is that this is a robot, disturbing me on a daily basis 2-3 times per day."

- "Advantage U had accessed information about my home for sale in ***** ********. I had the property listed with one real estate agent and had switched agents before it sold. The sell of the property was closed in December of 2015. After that time I received multiple calls, sometimes weekly from a number that was listed as being from *******, NC (###-###-#### and ###-###-####) along with other variations of the number, all from *******, NC according to my phone. During each call I would state that the property was sold in December of 2015 and ask that I be removed from their contact list. However, the calls continued at least once every other week. The week of July 17th I received 2 calls from the company. On July 21st I asked the name of the company and location. The person on the phone stated that the company was Advantage U based out of New York. I again repeated that I have been asked to be removed from their contact list in their system. He apologized and said that maybe the system had not been updated. I repeated that the home had sold in 2015 and I had been asking for over a year and a half to be removed from their contact list."[12]

**Factual Allegations**

19.     Plaintiff listed a home for sale in early 2018.

20.     Thereafter, Defendant began repeatedly placing calls to Plaintiff's cellular telephone number—(617) 774-XXXX.

21.     Defendant placed its calls to Plaintiff's cellular telephone number from telephone numbers (617) 207-2614, (617) 207-2615, and (617) 207-2616, among others.

22.     On occasion, Plaintiff answered calls that Defendant placed to her cellular telephone number, and instructed Defendant to stop placing calls to her cellular telephone number.

---

[12]     https://www.bbb.org/us/ny/rochester/profile/real-estate-services/advantageu-home-sellers-resource-0041-235986490/complaints (last visited September 6, 2018).

23.     Defendant, nonetheless, continued to place calls to her cellular telephone number.

24.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

25.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers.

26.     Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4,

2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

27.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

28.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

29.     Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

30.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

31.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

32.     Plaintiff is not, nor was, one of Defendant's customers.

33.     Plaintiff does not, nor did, have a business relationship with Defendant.

34.     Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

35.     Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

36.     Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

37.     Moreover, Defendant's calls at issue unnecessarily tied up Plaintiff's cellular telephone line.

38.     Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

### Class Action Allegations

39.     Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Real Agent Pro, LLC d/b/a Advantage U placed, or caused to be placed, one or more calls, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

40.     Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41.     Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

42.     The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

43.     The members of the class are ascertainable because the class is defined by reference to objective criteria.

44.     In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names, and addresses, can be identified in business records maintained by Defendant and by third parties.

45.     Plaintiff's claims are typical of the claims of the members of the class.

46.     As it did for all members of the class, Defendant used an automatic telephone dialing system, to place calls to Plaintiff's cellular telephone number.

47.     Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

48.     Plaintiff's claims are based on the same theories as are the claims of the members of the class.

49.     Plaintiff suffered the same injuries as the members of the class.

50.     Plaintiff will fairly and adequately protect the interests of the members of the class.

51.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

52.     Plaintiff will vigorously pursue the claims of the members of the class.

53.     Plaintiff has retained counsel experienced and competent in class action litigation.

54.     Plaintiff's counsel will vigorously pursue this matter.

55.     Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

56.     The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

57.     Issues of law and fact common to all members of the class are:

    a.   Defendant's conduct, pattern, and practice as it pertains to dialing cellular telephone numbers;

    b.   Defendant's violations of the TCPA;

    c.   Defendant's use of an automatic telephone dialing system as defined by the TCPA;

    d.   The availability of statutory penalties.

58.     A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59.     If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

60.     The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

61.     The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

62.     These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

63.     The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

64.     The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

65.     There will be little difficulty in the management of this action as a class action.

66.     Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

67.     Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

68.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and an artificial or prerecorded voice to place calls to Plaintiff's cellular telephone number without her consent.

69.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Determining that this action is a proper class action;

b)  Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e)  Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

f)  Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g)  Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h)  Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i)   Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)   Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: October 15, 2018

/s/ Kevin K. Crick
Kevin K. Crick
Rights Protection Law Group, PLLC
8 Faneuil Hall Marketplace, Third Floor
Boston, MA 02109
Phone: (844) 574-4487
Fax: (888) 622-3715
k.crick@rightsprotect.com

Aaron D. Radbil (*pro hac vice* application to be filed)
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the proposed classes